# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2013-1249

ALLERGAN, INC., and DUKE UNIVERSITY,

Plaintiffs-Appellees,

v.

WATSON PHARMACEUTICALS, INC.,
now known as Actavis, Inc.,
WATSON LABORATORIES, INC.,
and WATSON PHARMA, INC.,

Defendants-Appellants.

Appeal from the United States District Court for the Middle District of
North Carolina in No. 12-CV-0321, Judge Catherine C. Eagles

---

## RESPONSE IN OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ALLERGAN, INC. V. WATSON PHARMACEUTICALS, INC.

2013-1249

## CERTIFICATE OF INTEREST

Counsel for the appellants, Watson Pharmaceuticals, Inc., now known as Actavis, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc. certifies the following:

1.    Full name of every party or amicus represented by me is:

Watson Pharmaceuticals, Inc., now known as Actavis, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc.

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Watson Pharmaceuticals, Inc., now known as Actavis, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Watson Pharmaceuticals, Inc., now known as Actavis, Inc.

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Polsinelli Shughart PC:  Gary E. Hood, Mark T. Deming, Robyn H. Ast, Graham L. Day, Richard Juang, and Lauren W. Cohen; Davis & Hamrick, LLP – H. Lee Davis, Jr.

Date: April 1, 2013              /s/   Gary E. Hood
                                 Signature of counsel

cc:  See Certificate of Service

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. ii

BACKGROUND ................................................................................1

ARGUMENT ......................................................................................6

I.    THE DISTRICT COURT'S JUDGMENT IS FINAL DESPITE
      ALLERGAN'S PENDING MOTION FOR PERMANENT
      INJUNCTION. .........................................................................6

      A.    This Appeal is Unlike Those in Which This Court Has Found
            Judgment Not Final. ............................................................7

      B.    Allergan Waived the Injunctive Relief It Seeks from the District
            Court. ....................................................................................9

II.   THE DISTRICT COURT'S JUDGMENT IS FINAL AS TO ACTAVIS
      DESPITE PENDING CLAIMS ON OTHER PATENTS IN THE
      SECOND-WAVE CASES. .......................................................11

III.  ALTERNATIVELY, THIS APPEAL SHOULD BE REINSTATED
      UPON ACTAVIS OBTAINING RULE 54(B) CERTIFICATION
      FROM THE DISTRICT COURT. ..........................................17

CONCLUSION ................................................................................18

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*Advanced Cardiovascular Systems v. Medtronic*,
    231 Fed. App'x 962 (Fed. Cir. 2007) ..................................................9

*Alexander v. Riga*,
    208 F.3d 419 (3d Cir. 2000) ............................................................10

*Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*,
    154 Fed. App'x 730 (Fed. Cir. 2005) ..............................................8

*Black & Decker, Inc. v. Robert Bosch Tool Corp.*,
    230 Fed. App'x 968 (Fed. Cir. 2007) ..............................................8

*Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*,
    51 Fed. App'x 859 (Fed. Cir. 2002) ..............................................17

*Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*,
    No. 04-cv-329-WYD-CBS, 2008 WL 269451 (D. Colo. Jan. 29, 2008) ...........10

*Carpet Group Int'l v. Oriental Rug Imps. Ass'n*,
    No. Civ.A.95-5574 (JAG), 2005 WL 3988699 (D.N.J. Jan. 28, 2005)..............10

*Catlin v. United States*,
    324 U.S. 229, 233 (1945)..................................................................6

*El-Tabech v. Gunter*,
    992 F.2d 183 (8th Cir. 1993) ..........................................................7

*Florida v. Elsberry*,
    No. TCA 84-7023-MMP, 1985 WL 6278 (N.D. Fla. Nov. 26, 1985) ..............11

*Franklin v. District of Columbia*,
    163 F.3d 625 (D.C. Cir. 1998).........................................................7

*iLOR, LLC v. Google, Inc.*,
    550 F.3d 1067 (Fed. Cir. 2008) ......................................................15

*Johannsen v. Pay Less Drug Stores Northwest, Inc.*,
    918 F.2d 160 (Fed. Cir. 1990) ........................................................7

*Liberty Mutual Insurance Co. v. Wetzel*,
　424 U.S. 737 (1976)............................................................................7

*Lisle Corp v. A.J. Mfg. Co.,*
　398 F.3d 1306, 1317 (Fed. Cir. 2005) ...............................................10

*M & S Partners v. Scottsdale Ins. Co.*,
　277 F. App'x 286 (4th Cir. 2008) .......................................................10

*McClean Contracting Co. v. Waterman Steamship Corp.*,
　277 F.3d 477 (4th Cir. 2001) .............................................................10

*Pause Tech. LLC v. TiVo, Inc.*,
　401 F.3d 1290 (Fed. Cir. 2005) .........................................................17

*Pods, Inc. v. PortaStore, Inc.*,
　484 F.3d 1359 (Fed. Cir. 2007) ...........................................................8

*Riverwood Int'l Corp. v. R.A. Jones & Co,*
　324 F.3d 1346, 1352 (Fed. Cir. 2003) .................................................9

*TI Group Auto. Sys. (N. Am.), Inc. v. VDO N. Am. L.L.C.*,
　66 Fed. App'x 868 (Fed. Cir. 2003) ..................................................17

*Wechsler v. Macke Int'l Trade, Inc.*,
　51 Fed. App'x 871 (Fed. Cir. 2002) ..................................................17

## STATUTES

21 U.S.C. § 355(c)(3)(C) ........................................................................2

28 U.S.C. § 1295...................................................................................6

## OTHER AUTHORITIES

Rule 52 ................................................................................................10

Rule 54(b).................................................................................1, 8, 14–18

Watson Pharmaceuticals, Inc., now known as Actavis, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc. (collectively, "Actavis") respond in opposition to Allergan, Inc. and Duke University's (collectively, "Allergan") motion to dismiss this appeal for lack of jurisdiction. For the reasons stated below, this Court has jurisdiction over Actavis' appeal because judgment in the lower court is final on the patents at issue in this appeal. In the alternative, if this Court grants Allergan's motion, Actavis asks that this Court order that this appeal may be reinstated under the same docket number and without an additional filing fee, provided that the parties perfect the appeal within 30 days of the date of this Court's order by obtaining either a final judgment on the entire case or a certification for appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Actavis appeals the final judgment that was entered in the first of a series of successive waves of litigation brought by Allergan against Actavis and other entities related to Allergan's Latisse® product. In February 2012, Actavis' subsidiary, Watson Laboratories, Inc., submitted Abbreviated New Drug Application ("ANDA") No. 203749 seeking authorization to market the products described therein. *See generally* Ex. 1, Original Answer, at ¶¶ 39–43. Shortly thereafter, Allergan filed suit for patent infringement. Ex. 2, Original Complaint.

Through successive pleading, Allergan's case against Actavis came to concern six patents[1] that Allergan had listed in the Food and Drug Administration's Orange Book.  Ex. 3, Orange Book Listing.  In several other cases, filed both before and after Allergan filed its case against Actavis, Allergan asserted these same patents against other ANDA-filers.[2]

In an effort to resolve all of the related Allergan patents in a single trial, Actavis asked the district court to consolidate the several co-pending Allergan actions, a subset of which were set for trial in November 2012.  Due to the availability of Allergan counsel and concerns about the expiration of another defendant's thirty-month stay, *see* 21 U.S.C. § 355(c)(3)(C), the district court granted Actavis' request in part.  Ex. 4, Aug. 2, 2012 Order.  Rather than delay trial, the district court created two "waves" of related litigation:  the first wave concerning the '404 and '029 patents for all parties including Actavis, and the second wave concerning the '988 and '161 patents again for all parties including Actavis.[3]

---

[1]  United States Patent Nos. 6,403,649 ("the '649 patent"), 7,351,404 ("the '404 patent"), 7,388,029 ("the '029 patent"), 8,017,655 ("the '655 patent"), 8,038,988 ("the '988 patent"), and 8,101,161 ('the '161 patent").

[2]  *See generally*, Middle District of North Carolina Case Nos. 10-cv-681, *Allergan v. Apotex, Inc.*, 11-cv-298, *Allergan v. Sandoz, Inc.*, 11-cv-650, *Allergan v. Hi-Tech Pharmacal Co.*, 12-cv-247, *Allergan v. Apotex, Inc.*, 12-cv-492, *Allergan v. Hi-Tech Pharmacal Co.*

[3]  The '649 and '655 Patents, which expired in September and November 2012 respectively, were otherwise resolved by the parties and are not part of the present appeal or proceedings in the district court.

Due to the short period of time between Actavis' entry into this litigation and trial in the first-wave cases, the district court did not formally consolidate Actavis into the first wave of cases.  Instead, the district court severed the first-wave patents from the Actavis case, and consolidated claims and counterclaims regarding the second-wave patents with the other second-wave cases against the other defendants/appellants.  *See* Ex. 4 (referring to "the '988/'161 Consolidated Cases").

Then, pursuant to the express agreement of Allergan and Actavis, the district court stayed the Actavis case as to the severed '404 and '029 patents pending resolution of the first-wave cases on those patents against the other defendants/appellants.  Ex. 5, Aug. 20, 2012 Order.  Importantly, the court also ordered, based on the agreement of Allergan and Actavis, that both Allergan and Actavis would be bound by the result of the first-wave cases by Allergan against the other defendants/appellants.  *Id.*

But most importantly, again based on the agreement of Allergan and Actavis, the district court also ordered that either could appeal any decision in the first-wave cases at the same time as appeals of or by other defendants/appellants.  *Id.* at 3 ("Plaintiffs and [Actavis] agree to take **all necessary steps** to ensure that any appeal is consolidated with the appeal of the [other first-wave cases] **so as to**

**avoid multiple appeals**." (emphasis added)).  Tellingly, Allergan's motion makes no mention of this agreed provision.

The first-wave cases proceeded to bench trial in November 2012 against the other defendants/appellants, and on January 24, 2013, the district court entered a memorandum opinion and order ruling in favor of Allergan.  Ex. 6, Jan. 24, 2013 Order.  The next day, the district court entered judgment in the first-wave cases as to defendants/appellants Apotex, Sandoz, and Hi-Tech Pharmacal.  Pursuant to the agreement between Allergan and Actavis, as reflected in the district court's order, the district court then entered judgment against Actavis "reflecting the same scope and effect as the judgment entered in the" first-wave cases against the other defendants.  *See* Ex. 5; Ex. 7, Feb. 4, 2013 Judgment.  The judgment disposed of all pending issues in the Actavis case regarding the '404 and '029 patents—i.e., questions of non-infringement and invalidity as to the '404 and '029 patents—and, like the judgment in the consolidated cases as to the other defendants/appellants, it was final in all respects with respect to those patents.

On February 19, 2013, Apotex, Sandoz, and Hi-Tech Pharmacal filed notices of appeal, which were docketed with this Court as Case Nos. 2013-1245, -1246, and -1247 ("the consolidated, first-wave appeals"). Actavis followed with its

notice on February 22nd.[4]   One week earlier, after entry of judgment but before notices of appeal were filed, Allergan moved, both in the consolidated first-wave cases and in the Actavis case, for a permanent injunction as to the first-wave patents.   Allergan did not raise its request for a permanent injunction during pretrial submissions or during trial of the first-wave cases, and did not address this request in post-trial briefing.   The support on which it relies to argue alleged irreparable harm as a basis for the injunction are declarations from two individuals who Allergan did not disclose prior to trial and whose testimony Allergan did not present at trial.   Although Allergan prayed for a permanent injunction in its initial pleadings, it waived that relief by failing to renew it at trial or in its post-trial briefing.   Accordingly, Actavis as well as the other defendants/appellants have opposed that motion as procedurally and constitutionally defective, and that motion remains pending before the district court.

Allergan now moves to dismiss all the Latisse® appeals for lack of jurisdiction.   In support of its motion against Actavis, Allergan first argues the district court's judgment is not final because its request for an injunction is pending.   This argument is identical in substance to the argument Allergan advances in its motion to dismiss the consolidated, first-wave appeals as to the

---

[4]  The Clerk of the Court has not yet consolidated the present appeal with the consolidated, first-wave appeals by Apotex, Sandoz and Hi-Tech, but Actavis believes consolidation is proper and requests that the appeals be consolidated.

other defendants/appellants.  *See* Ex. 8 at 3–8 (Appellees' Mot. Filed at Case No. 13-1245, Doc. 15-1).  Second, Allergan argues that the district court's judgment is not final as to Actavis because claims and counterclaims as to the second-wave patents remain pending in the district court.

## ARGUMENT

The district court entered final judgment in favor of Allergan and against Actavis as to the '404 and '029 patents on February 4, 2013.  Ex. 7.  It did so because Allergan agreed with Actavis that such a judgment would be entered following trial on these patents in November, 2012, and the district court entered an order to this effect.  That order also provided that either Allergan or Actavis could immediately appeal such judgment—again, because Allergan had agreed with Actavis that this was the appropriate course of action.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1295, and Allergan's motion should be denied.

## I.    THE DISTRICT COURT'S JUDGMENT IS FINAL DESPITE ALLERGAN'S PENDING MOTION FOR PERMANENT INJUNCTION.

The district court's judgment is final because it disposes of all matters properly before it related to the '404 and '029 patent.  *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment.").  The

judgment does not expressly rule on Allergan's originally pleaded request for a permanent injunction, but it need not because Allergan waived that relief by failing to present it at trial.[5]

### A.   This Appeal is Unlike Those in Which This Court Has Found Judgment Not Final.

In the cases Allergan relies on, appellate courts found judgments in the district court were not final because requests for injunctive relief had been preserved.  For example, in *Johannsen v. Pay Less Drug Stores Northwest, Inc.*, 918 F.2d 160, 162 (Fed. Cir. 1990), the judgment "le[ft] pending an accounting and proceedings on injunctive relief expressly stayed by the district court." Similarly, in *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 741–42 (1976), the district court found in favor of the plaintiff but withheld issuance of the injunction pending appeal.  *See also Franklin v. District of Columbia*, 163 F.3d 625, 628 (D.C. Cir. 1998) (finding judgment not final because although district court's order established liability "it granted no relief"); *El-Tabech v. Gunter*, 992 F.2d 183, 184–85 (8th Cir. 1993) (finding no jurisdiction where district court had

---

[5] As Actavis notes above, the instant appeal relates to judgment of the same scope and effect as the judgment entered in favor of Allergan against defendants/appellants Apotex, Sandoz, and Hi-Tech.  As this case has, to Actavis' knowledge, not been formally consolidated to date with the pending appeals of those other defendants/appellants, Actavis sets forth herein a response to Allergan's argument in support of its motion directed to an alleged lack of jurisdiction because of Allergan's pending motion for injunction.  That argument is substantially identical in Allergan's motion directed to all defendants/appellants, including Actavis, and the Actavis response joins the points made by the other defendants/appellants in opposition to Allergan's related motion to dismiss their appeals.

reserved issuance of injunction); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 230 Fed. App'x 968, 969 (Fed. Cir. 2007) (finding appeal premature where district court had entered judgment on infringement and invalidity, and subsequently entered orders concerning unenforceability and a permanent injunction, but did not enter an amended judgment reflecting those holdings); *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 154 Fed. App'x 730, 731 (Fed. Cir. 2005) (holding judgment not final and not certifiable pursuant to Rule 54(b) because district court had reserved questions of damages, willfulness, and injunctive relief).

The other cases on which Allergan relies are simply inapplicable because their procedural postures—to the extent that can be discerned—were different. In *Pods, Inc. v. PortaStore, Inc.*, 484 F.3d 1359 (Fed. Cir. 2007), the district court entered judgment from which the defendant appealed. *Id.* at 1365. The district court subsequently entered an amended judgment including permanent injunction. *Id.* This Court treated the defendant's notice of appeal as effective as of the district court's entry of the injunction. *Id.* A review of docket entries in the lower court does not reveal, however, whether the plaintiff had preserved its request for a permanent injunction through trial—though that seems likely as the district court had previously issued a preliminary injunction. *Id.* at 1364. In any event, *Pods* does not speak to the argument Allergan advances now.

Similarly, in *Advanced Cardiovascular Systems v. Medtronic,* 231 Fed. App'x 962 (Fed. Cir. 2007), this Court dismissed as untimely an appeal because a request for a permanent injunction was pending before the district court. *Id* at 963. Again, it is not clear if the plaintiff had properly preserved its request for injunctive relief, but that appears to be the case given the history of that litigation—the district court apparently phased several aspects of the litigation, even certifying an interlocutory order on summary judgment. *See* 182 Fed. App'x 994 (Fed. Cir. 2006) (affirming order on interlocutory appeal). Indeed, although much of the filings in the district court are redacted or under seal, it appears the parties had expressly agreed to adjudicating the permanent injunction separate from trial on the merits. *See* Ex. 9, Joint Mot. for Entry of a Discovery and Briefing Schedule on Plaintiffs' Motion for Permanent Injunction at 2 (reciting apparent prior discussion by counsel about briefing of permanent injunction motion).

## B.    Allergan Waived the Injunctive Relief It Seeks from the District Court.

Here, despite Allergan's pending motion for a permanent injunction, there is nothing left for the district court to decide. The Fourth Circuit[6] has expressly held that "[f]ailure to identify a legal issue worthy of trial in the pretrial conference or

---

[6] Whether Allergan waived its claim for injunctive relief is a procedural question for which the law of the regional circuit applies. *See Riverwood Int'l Corp. v. R.A. Jones & Co*, 324 F.3d 1346, 1352 (Fed. Cir. 2003) ("[W]e apply the law of the regional circuit to the procedural question of waiver.")

pretrial order waives the party's right to have that issue tried." *McClean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 480 (4th Cir. 2001); *see also M & S Partners v. Scottsdale Ins. Co.*, 277 F. App'x 286, 291–92 (4th Cir. 2008) ("[F]ederal law and our precedent mandate that a party waives its claim if it is not included in a pretrial order."); *see also Lisle Corp v. A.J. Mfg. Co.*, 398 F.3d 1306, 1317 (Fed. Cir. 2005) (finding invalidity grounds waived when party failed to include them in Final Pretrial Order and did not pursue them at trial).

The district court did not expressly reserve judgment on injunctive relief. Allergan's original prayer for an injunction was never bifurcated from liability or stayed pending trial on the merits of the underlying claims. Allergan did not even raise the question during its pretrial submissions, at trial, or in its post-trial briefing.[7]  Accordingly, Allergan waived the relief it is now seeking from the district court.  *See, e.g., Alexander v. Riga*, 208 F.3d 419, 434 (3d Cir. 2000) (prayer for permanent injunction in complaint was waived by the failure to raise the claim prior to the conclusion of trial); *see also Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*, No. 04-cv-329-WYD-CBS, 2008 WL 269451, at *6 (D. Colo. Jan. 29, 2008) (prayer for injunctive relief in complaint was waived where there was no mention of the claim in pretrial submissions or at trial); *Carpet Group Int'l*

---

[7]    Indeed, the bases for Allergan's motion at the district court are declarations by witnesses not disclosed during discovery and facts not presented at trial.  Actavis and the other defendants/appellants are opposing Allergan's motion as violative of Rule 52 of the Federal Rules of Civil Procedure and of defendants/appellants' due process rights.

*v. Oriental Rug Imps. Ass'n*, No. Civ.A.95-5574 (JAG), 2005 WL 3988699, at *8–9 (D.N.J. Jan. 28, 2005) (same); *Florida v. Elsberry*, No. TCA 84-7023-MMP, 1985 WL 6278, at *2–3 (N.D. Fla. Nov. 26, 1985) (same).

Allergan cannot assert a waived claim to reopen a final judgment and temporarily defeat appellate jurisdiction. Accordingly, its motion to dismiss this appeal due to its pending motion for an injunction should be denied.

## II. THE DISTRICT COURT'S JUDGMENT IS FINAL AS TO ACTAVIS DESPITE PENDING CLAIMS ON OTHER PATENTS IN THE SECOND-WAVE CASES.

The district court severed Allergan's claims against Actavis regarding the '404 and '029 patents (the patents that are the subject of this appeal) from Allergan's claims against Actavis regarding the '988 and '161 patents. Thus, although Allergan's claims regarding the '988 and '161 patents remain pending in the case below, this is not a legitimate reason for this Court to dismiss the instant appeal.

In deference to Allergan's scheduling challenges, and in an effort to allay Allergan's concerns about the expiration of a single defendant's thirty-month stay, the district court partially severed and partially consolidated claims that Allergan asserted in its complaint against Actavis with those of other defendants. *See* Ex. 4. In doing so, the district court created two waves of cases concerning patents listed

in the Orange Book for Allergan's Latisse® product, each wave being separately appealable by all parties.

In its order on Actavis' motion to consolidate, the district court expressly held that "the issues related to the '404 and '029 patents are severed for discovery and trial from the issues related to the '988 and '161 patents." Ex. 4 at 2. Further, the district court stated "Case 12-cv-321 [Allergan's case against Actavis], to the extent it raises issues about the '988 and '161 patents, and cases 12-cv-247 and 12-cv-294 [Allergan's cases against Apotex, Sandoz, and Hi-Tech on the '988 and '161 patents], are consolidated for discovery and trial." *Id.* The claims and counterclaims pertaining to the '988 and '161 patents—the second-wave patents—remain pending in the district court as to all of the defendants/appellants, as part of the second-wave cases and not as part of the first-wave cases.

The district court went further, though, and expressly addressed Allergan and Actavis' right to appeal the first wave decision. In its order on Allergan and Actavis' stipulated stay, the district court recognized that "both [Actavis] and Plaintiffs intend for the outcome of the [first-wave cases] to determine the resolution of this case with respect to issues related to the '404 and '029 patents, **subject to a right to appeal such outcome**." Ex. 5 at 2 (emphasis added). "Such outcome" in the district court's order referred to the district court's trial and disposition of the first-wave cases, *i.e.* its decision regarding the '404 and '029

patents, which Allergan, Actavis, and the Court all intended to be appealable as a matter of right upon conclusion of the first-wave trial in November, 2012.

Accordingly, the district court provided that, after judgment was entered in the first-wave cases—cases that only concerned the '404 and '029 patents and did not concern the '988 and '161 patents—"a stipulated form of judgment reflecting the same scope and effect as the judgment entered in the [first-wave cases] shall be entered in this case." *Id.* As the judgment in the first-wave cases is final, so to the Actavis-specific judgment is final because it has "the same scope and effect" as the judgment entered as to the other first-wave defendants/appellants.

To make the intent of its order abundantly clear and consistent with Allergan and Actavis' agreement, the district court provided that Actavis "may appeal such judgment . . . and/or join in any appeal of judgment entered in the [first-wave cases] . . . . [and] any decision of the United States Court of Appeals or the United States Supreme Court that reverses, amends, or modifies the judgment in the [first-wave cases] shall apply with equal force and effect to issues related to the '404 and '029 in this case." *Id.* at 3.

Allergan's instant motion turns a blind eye to the proceedings below. There, it along with Actavis requested, and obtained, an order from the district court that any appeal of the first-wave decision regarding the '404 and '029 patents would be

a single, consolidated appeal involving all parties—Actavis included—bound by the district court decision in the first-wave trial on those patents.

Most tellingly, Allergan fails to point out to the Court on its instant motion a final provision that the district court—again, on the agreement of Allergan with Actavis—also included in its order staying the case below.  The district court expressly ordered that, "Plaintiffs and [Actavis] **agree to take all necessary steps** to ensure that any appeal is consolidated with the appeal of the [consolidated first-wave appeals] **so as to avoid multiple appeals**."  Ex. 5 at 3 (emphasis added). Allergan should not now be heard to argue that Actavis' appeal is somehow not ripe, and that this Court does not have jurisdiction over it.

After all, Allergan agreed, and the district court ordered, that it and Actavis will "take all necessary steps" to ensure Actavis' appeal be consolidated with the appeal of the other defendants/appellants.  Allergan approved the form of judgment that is the subject of this appeal (*see* Ex. 7, Feb. 4, 2013 Judgment), and it failed to raise any issue about the finality of the judgment prior to Actavis filing its notice of appeal.  At no time did Allergan inform Actavis, before bringing the instant motion, that it believed the Actavis judgment was somehow not final and required certification.[8]

---

[8]  Allergan's suggestion that it "would not be opposed to [Actavis] obtaining a Rule 54(b) certification after the district court decides [its] pending motion for a permanent injunction" (*see* Motion at 10) turns its prior agreement and the district court's order on its head.  Allergan agreed, and was ordered by the district court, to

The only case Allergan cites in support of its assertion that "[Actavis] is required to obtain a certification for appeal under Rule 54(b)," *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067 (Fed. Cir. 2008), is distinguishable.  In *iLOR*, the plaintiff alleged infringement of a patent, and the defendant counterclaimed for non-infringement, invalidity, and unenforceability of the same patent. *Id.* at 1069. After denying the plaintiff's motion for a preliminary injunction and granting the defendant's motion for summary judgment of non-infringement, the district court adjudged "[t]hat this action be . . . dismissed with prejudice." *Id.* at 1070.  The plaintiff sought appellate review of all issues raised before the district court, including the grant of summary judgment of non-infringement, but in considering the context of the district court's judgment in light of related orders on the parties' motions, this Court held it did not have jurisdiction over the defendant's counterclaims and limited its review to the district court's preliminary injunction order. *Id.* at 1071–73.

Unlike in *iLOR*, in this case all claims and counterclaims with respect to the first-wave '404 and '029 patents have been finally adjudicated.  This is so for Actavis just as for the other defendants/appellants.  Put differently, there is nothing

---

"take all necessary steps" to make the instant appeal final and to avoid multiple appeals.  Instead of complying with that order, it brought the instant motion, and rather than taking necessary steps to consolidate this appeal with the appeals of the other defendants/appellants, it instead attempts to put the onus on Actavis to seek certification—but only after the instant appeal is dismissed and Allergan has addressed by the district court its untimely motion for injunctive relief.

further for the parties to litigate with respect to those patents. The fact that Allergan brought a single suit in which it asserted the '988 and '161 patents against Actavis, rather than multiple suits in which it separately asserted these patents as for the other defendants/appellants, is not legitimate grounds to deny Actavis an appeal now of the district court decision related to the '404 and '029 patents.

And to be sure, the district court severed Allergan's claims related to the '404 and '029 patents from the Allergan case against Actavis on the '988 and '161 patents. In actuality, then, the Allergan case against Actavis that was decided by the judgment being appealed here involved only the '404 and '029 patents, despite not being assigned a separate and distinct district court cause number. Allergan's argument—that the instant appeal is not final because of the continued pendency in the district court of the single cause number as to Actavis—ignores the district court's order severing the Allergan claims as to the first-wave patents from the claims on the second-wave patents. At most, the argument hinges on what is an exceedingly narrow technicality, and even then ignores Allergan's obligation to ensure that the appeal is final and ripe.

The district court's judgment, viewed in the context of its prior consolidation and stay orders, was without doubt intended to be final and appealable as to the '404 and '029 patents. Nothing in *iLOR* suggests that this outcome, which the district court and the parties here expressly sought and provided for, was improper

or impermissible. Therefore, although the parties' claims and counterclaims pertaining to the second-wave patents remain pending in the district court, they are so in a severed case that is consolidated with Allergan's case against the other appellants on those patents. Allergan's motion should be denied.

## III.   ALTERNATIVELY, THIS APPEAL SHOULD BE REINSTATED UPON ACTAVIS OBTAINING RULE 54(B) CERTIFICATION FROM THE DISTRICT COURT.

If this Court finds that the judgment as to Actavis is not final and appealable, Actavis respectfully requests leave to obtain Rule 54(b) certification from the district court and to thereafter reinstate this appeal. "[T]his court has held that a premature notice of appeal ripens upon subsequent action of the district court." *Pause Tech. LLC v. TiVo, Inc.*, 401 F.3d 1290, 1295 (Fed. Cir. 2005). Accordingly, this Court has regularly granted parties leave to perfect their appeals and to reinstate them under the same docket number and without the payment of additional filing fees. *See, e.g., id.*; *see also TI Group Auto. Sys. (N. Am.), Inc. v. VDO N. Am. L.L.C.*, 66 Fed. App'x 868, 869–70 (Fed. Cir. 2003); *Wechsler v. Macke Int'l Trade, Inc.*, 51 Fed. App'x 871, 872 (Fed. Cir. 2002) *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 51 Fed. App'x 859, 859 (Fed. Cir. 2002).[9]  Given

---

[9]   In each of these cases, this Court found it lacked jurisdiction due to pending claims before the district court. Unlike here, however, those pending claims concerned the patent that was on appeal. For example, in *Wechsler*, the district court's summary judgment of non-infringement was appealed, but a counterclaim that the same patent was invalid was still pending. 51 Fed. App'x at 871–72. In the instant case, all claims and counterclaims relating to the '404 and '029 patents have been decided and appealed.

its prior agreement "to take all necessary steps to ensure that any appeal is consolidated with the appeal of the [consolidated first-wave appeals] so as to avoid multiple appeals," and the district court's order that it do just that (*see* Ex. 5 at 3), Allergan has no legitimate basis to do anything other than stipulate to Certification under Rule 54(b)—which, to comply with the district court's referenced order, it should have done rather than pursue the instant motion.

## CONCLUSION

For the foregoing reasons, Actavis respectfully asks this Court to deny Allergan's motion. In the alternative, Actavis requests that the Court grant Actavis leave to seek remedial action from the district court to formally certify the subject judgment, and to thereafter reinstate this appeal under the same docket number and without the payment of additional filing fees, and for all other relief this Court finds just and appropriate.

Dated:       April 1, 2013                    Respectfully submitted,

                                              POLSINELL SHUGHART PC

                                              By: /s/       Gary E. Hood
                                                    Gary E. Hood
                                                    Robyn H. Ast
                                                    Mark T. Deming

                                              Attorneys for Defendants-Appellants
                                              WATSON PHARMACEUTICALS,
                                              INC., now known as Actavis, Inc.,
                                              WATSON LABORATORIES, INC.,
                                              and WATSON PHARMA, INC.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2013-1249

ALLERGAN, INC., and DUKE UNIVERSITY,

Plaintiffs-Appellees,

v.

WATSON PHARMACEUTICALS, INC.,
now known as Actavis, Inc.,
WATSON LABORATORIES, INC.,
and WATSON PHARMA, INC.,

Defendants-Appellants.

Appeal from the United States District Court for the Middle District of
North Carolina in No. 12-CV-0321, Judge Richard G. Andrews

---

## CERTIFICATE OF FILING AND SERVICE

---

I certify that on April 1, 2013, true and correct copies of the following:

RESPONSE IN OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION
TO DISMISS APPEAL FOR LACK OF JURISDICTION;

CERTIFICATE OF INTEREST; and

CERTIFICATE OF SERVICE

were filed electronically through the Court's ECF system, and served upon
counsel for Plaintiffs-Appellees' as listed below:

VIA ECF

| | |
|---|---|
| Jonathan Elliot Singer<br>Deanna Jean Reichel<br>Fish & Richardson, P.C.<br>60 South Sixth Street<br>3200 RBC Plaza<br>Minneapolis, MN 55402<br>Email: singer@fr.com<br>Email: reichel@fr.com<br><br>Juanita Rose Brooks<br>Fish & Richardson, P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>Email: brooks@fr.com<br><br>Larry Stephen McDevitt<br>The Van Winkle Law Firm<br>11 North Market Street<br>Asheville, NC 28801<br>Email: lmcdevitt@vwlawfirm.com<br><br>Jeffrey T. Thomas<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Email: jtthomas@gibsondunn.com | Counsel for Appellees Allergan, Inc. and Duke University |

/s/    Gary E. Hood